```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT CHARLESTON
```

**PATTY SLONE,**

        **Plaintiff,**

**v.**                                              **Civil Action No. 2:19-cv-00408**

**STATE AUTO PROPERTY AND CASUALTY**
**INSURANCE COMPANY, JOE MASK, and**
**SHERI LENTHE,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to stay discovery in advance of a ruling on defendants' motion to dismiss, or in the alternative, motion for summary judgment, filed September 4, 2019.

On May 24, 2019, the defendants removed to this court plaintiff's claims against the defendants related to defendant State Auto's medical payments policy. On May 28, 2019, defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), or in the alternative, to grant summary judgment. Specifically, defendants contend that plaintiff cannot bring the claims in the

complaint due to her third-party claimant status and that plaintiff improperly served defendants Joe Mask and Sheri Lenthe.

Federal Rule of Civil Procedure 26(c) provides pertinently as follows:

> The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place . . . for the disclosure or discovery[.]

Fed. R. Civ. P. 26(c)(1)(A), (B). The Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed. R. Civ. P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . ."). In exercising its discretion to grant a stay, a court "must weigh competing interests." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). This court considers three factors when determining whether to grant a motion to stay: "(1) the interests of judicial economy;

2

(2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." White v. Ally Fin. Inc., 969 F. Supp. 2d 451, 462 (S.D. W. Va. 2013) (quoting Tolley v. Monsanto Co., 591 F. Supp. 2d 837, 844 (S.D. W. Va. 2008)).

The motion to dismiss raises potentially dispositive legal issues, the resolution of which may obviate the need for or limit discovery in this case. It does not appear that the plaintiff will suffer any significant prejudice in delaying the proceedings until that time.

Having considered the applicable factors, the court ORDERS that defendant's motion for a stay pending resolution of the motion to dismiss, or in the alternative, motion for summary judgment be, and it hereby is, granted. It is further ORDERED that this action be, and it hereby is, stayed pending the further order of the court.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

ENTER: September 26, 2019

John T. Copenhaver, Jr.
Senior United States District Judge