```
          UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

PATTY SLONE,

    Plaintiff,

v.                                                      Civil Action No. 2:19-cv-00408

STATE AUTO PROPERTY AND CASUALTY
INSURANCE COMPANY, JOE MASK, and
SHERI LENTHE,

    Defendants.

                                    <u>ORDER</u>

        Pending is the defendants' motion to certify an interlocutory appeal of the court's January 19, 2021 memorandum opinion and order, filed February 17, 2021. ECF No. 34.

        On January 19, 2021, the court entered a memorandum opinion and order that found plaintiff Patty Slone to be a third-party beneficiary and first-party claimant of the medical payments coverage provision at issue in this action. ECF No. 24. Inasmuch as the court concluded that Slone could assert common law and statutory bad faith claims as a first-party claimant, the defendants' motion to dismiss was denied as to those claims. <u>Id.</u> at 31. The court likewise denied the motion

to dismiss as to the plaintiff's separate fraud claim, noting that the defendants had offered a conclusory argument on this issue. Id. at 31-32.

In the same memorandum opinion and order, the court quashed service on defendants Joe Mask and Sheri Lenthe and ordered Slone to effect service within thirty days. Id. at 38. By separate order entered January 19, 2021, the court instructed the parties to file a joint proposed amended schedule for disposition of this case immediately following the service of Mask and Lenthe. ECF No. 25.

The defendants filed the motion to certify an interlocutory appeal on February 17, 2021. ECF No. 34. In support of the motion, they argue that certification is appropriate under 28 U.S.C. § 1292(b) inasmuch as the issue concerning Slone's status as a first or third-party claimant is a "plainly dispositive" controlling question of law, a "substantial ground for difference of opinion" about Slone's status as a claimant exists, and an immediate appeal would materially advance the termination of the action since Slone's claims would be barred if the defendants prevail on appeal. ECF No. 35, at 3-9. The defendants also request a stay of discovery

2

pending the resolution of 28 U.S.C. § 1292(b) appellate proceedings inasmuch as a ruling in their favor could obviate the need for further discovery. Id. at 10.

The defendants additionally note that they believe the January 19, 2021 memorandum opinion and order is immediately appealable under the collateral order doctrine set forth in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949). Id. at 3. They filed a notice of appeal on February 18, 2021, presumably relying on the collateral order doctrine inasmuch as it does not require district court certification under 26 U.S.C. § 1292(b). See ECF No. 36.

Slone responded on February 19, 2021, opposing certification. ECF No. 37. Slone argues that the motion to certify is untimely and that the court would have certified an interlocutory appeal when it issued the memorandum opinion and order if it had deemed that to be an appropriate course of action. Id. at 1-3. She also asserts that there is no ground for difference of opinion on the court's ruling and that an interlocutory appeal would cause undue delay rather than materially advance the litigation. Id. at 2-3.

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Under this statute, "the certification of an interlocutory appeal requires 'exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments.'" Difelice v. U.S. Airways, Inc., 404 F. Supp. 2d 907, 908 (E.D. Va. 2005) (quoting Terry v. June, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005). "Even if the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (quoting Picard v. Katz, 466 B.R. 208, 210 (S.D.N.Y. 2012)). The Fourth Circuit has observed that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc.,

873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished table opinion).

The court agrees with Slone that certification of an interlocutory appeal is inappropriate at this juncture. It is far from clear that the first-party/third-party claimant issue is controlling with regard to the fraud claim asserted by Slone inasmuch as the defendants have never explained why this claim is inextricably bound to the bad faith claims alleged by the plaintiff. Additionally, Slone's prospective undue delay arguments are well-taken. Absent any indication to the contrary, the fraud claim will need to be litigated regardless of what the Fourth Circuit might decide on the single issue proposed for appeal, and an appellate disposition unfavorable to the defendants would require further litigation of all of the plaintiff's claims. Thus, it cannot be said that certification would materially advance the ultimate termination of the litigation. The court further notes that while the defendants assert that there is potentially room for disagreement on Slone's status as a claimant, they have not identified any exceptional circumstances that might necessitate a diversion from the final judgment rule and warrant an immediate

interlocutory appeal.

Inasmuch as the request for a stay is made with regard to the application for certification under 28 U.S.C. § 1292(b) and certification is not appropriate, the request for a stay is denied. However, as indicated above, the defendants have already filed a notice of appeal, apparently in an attempt to obtain interlocutory appellate review under the collateral order doctrine. An interlocutory appeal taken pursuant to the collateral order doctrine does not divest the court of jurisdiction, and the court does not find any reason at this time to enter a stay of the proceedings pending the outcome of the defendants' attempt to obtain appellate review under that doctrine. See 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3911 (2d ed. 2020).

The parties remain obligated to file a joint proposed amended schedule in accordance with the court's order entered January 19, 2021. That order specified that the parties should file a proposed amended schedule immediately following the service of Mask and Lenthe. The record reflects that on January 28, 2021, the West Virginia Secretary of State accepted service

on behalf of Mask and Lenthe. ECF No. 30; ECF No. 31. Thus, the parties must file a proposed amended schedule forthright.

Accordingly, it is ORDERED that the defendants' motion to certify an interlocutory appeal of the court's January 19, 2021 memorandum opinion and order (ECF No. 34) be, and it hereby is, DENIED. It is further ORDERED that the parties file a joint proposed amended schedule on or before March 1, 2021.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

ENTER: February 22, 2021

John T. Copenhaver, Jr.
Senior United States District Judge