```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**PATTY SLONE,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　Civil Action No. 2:19-cv-00408

**STATE AUTO PROPERTY AND CASUALTY**
**INSURANCE COMPANY, and**
**SHERI LENTHE,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**Pending is the parties' Joint Motion for Vacatur (ECF No. 99), filed November 8, 2021.**

### I. Background

**Plaintiff Patty Slone ("Slone") alleges that she sustained an injury after slipping and falling at Janet's Park & Eat, Inc. ("Janet's") in Logan County, West Virginia on August 4, 2016. Janet's maintained an insurance policy through State Auto Property & Casualty Insurance Company ("State Auto") that was in effect on the day of Slone's fall.**

**On April 16, 2019, Slone filed this civil action in the Circuit Court of Mingo County alleging three counts against**

the defendants[1]: (I) "First Party Bad Faith (Common Law)"; (II) "Violations of the West Virginia Unfair Trade Practices Act," a statutory bad faith claim brought under West Virginia Code § 33-11-4(9); and (III) Fraud.  The defendants removed the case to this court on May 24, 2019.

Shortly thereafter, the defendants filed a motion to dismiss Slone's claims arguing that Slone was a third-party claimant who cannot recover under West Virginia law.  ECF No. 3; ECF No. 4, at 5-8.  Specifically, they argued that because Slone was not the policy holder or the "insured" under the State Auto Policy, she was a third-party claimant without a cause of action for common law or statutory bad faith in West Virginia.  Id. They further argued that because the fraud claim was based on the handling of the insurance claim underlying the common law and statutory bad faith claims, it must also be dismissed.  Id. at 8.  The defendants also moved, in the alternative, to dismiss the case as against the individually named defendants based on insufficient service of process.  Id. at 8-9.

---

[1]    The defendants include State Auto and Sheri Lenthe, an employee or agent for State Auto.  The complaint also named Joe Mask as a defendant; however, Mask was voluntarily dismissed from this action on September 7, 2021.  ECF No. 88.

On January 19, 2021, after the motion to dismiss was thoroughly briefed, the court entered a memorandum opinion and order denying the defendants' motion to dismiss. ECF No. 24. In that memorandum opinion and order, the court concluded that Slone did not meet the statutory definition of "third-party claimant" under West Virginia's Unfair Trade Practices Act. Id. at 29. Instead, Slone was a third-party beneficiary under Janet's insurance policy with State Auto. Id. Additionally, the court concluded that Slone met the West Virginia Insurance Commissioner's definition of a first-party claimant. Id. Accordingly, the court concluded that Slone was not prohibited from asserting a statutory bad faith claim under West Virginia law. Id.

The court further found the Insurance Commissioner's definition of a first-party claimant applied "equally in the context of a common law bad faith analysis." Id. at 31. Consequently, the court determined that Slone was also not prohibited from asserting a common law bad faith claim. Id.

Inasmuch as the defendants' argument for dismissal of Slone's fraud claim "hinge[d] on the success of their arguments attacking the bad faith claims," the court declined to dismiss the fraud claim from the complaint. Id. at 31–32.

Finally, the court addressed the defendants' alternative argument that the individually named defendants should be dismissed based on insufficient service of process. Although the court found that Mask and Lenthe were not properly served with process, it noted that the dismissal of the claims against the defendants was not the appropriate remedy.  Id. Accordingly, the court quashed the attempted service of process and directed Slone to properly serve Mask and Lenthe within thirty days of entry of the memorandum opinion and order.  Id. at 38.

On February 18, 2021, the defendants appealed the court's memorandum opinion and order.  ECF No. 36.  Before the Fourth Circuit, Slone moved to dismiss the appeal, arguing that this court's January 19, 2021 memorandum opinion and order was not a final judgment and therefore was not appropriate for interlocutory appeal.  The defendants argued in response that their appeal was properly filed pursuant to the collateral order doctrine.

On September 16, 2021, counsel for Slone filed a suggestion of death upon the record.  ECF No. 91.  Thereafter, the parties jointly moved to stay the proceedings to give the parties time to determine what portions of the case survive

Slone's passing. ECF No. 93. On September 17, 2021, the court denied the stay but granted a 60-day extension of all remaining deadlines and dates for activity in the case. ECF No. 94.

In light of Slone's passing, the Fourth Circuit entered an order dismissing the appellate proceeding on October 14, 2021. ECF No. 95.

The parties now state that the court's order extending the deadlines in the case allowed them to reach an amenable settlement agreement. ECF No. 99, at 2. That settlement, however, is contingent on this court vacating its January 19, 2021 memorandum opinion and order. Id.

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a number of specific reasons or, pursuant to subsection (b)(6), for "any other reason that justifies relief." Courts in this circuit have interpreted the "catchall provision" of Rule 60(b)(6) narrowly, noting that relief should be granted only in "extraordinary circumstances." McMellon v. United States, 528 F. Supp. 2d 611, 613 (S.D.W. Va. 2007) (citing Reid v. Angelone, 369 F.3d 363, 370 (4th Cir. 2004); Valero

Terrestrial Corp. v. Paige, 211 F.3d 112, 118 n.2 (4th Cir. 2000)).  Ultimately, a grant of vacatur under Rule 60(b)(6) is discretionary.  Id.; Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 233–34 (1995).

Supreme Court precedent holds that "the mere fact that the settlement agreement provides for vacatur" does not constitute an extraordinary circumstance under Rule 60(b)(6). U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994).

### III. Analysis

The parties to this case seek vacatur of the court's January 19, 2021 memorandum opinion and order.  Recognizing that none of the specifically enumerated provisions of Rule 60(b) apply to their motion, they ask the court to invoke Rule 60(b)(6)'s catchall provision.  ECF No. 99, at 3.  The parties submit that their request for vacatur will not only allow for settlement of this action but will also serve minority interests, the public interest of judicial integrity, and the interest of judicial economy.  Id. at 3–9.

Regarding the protection of minority interests, this court has noted that

> [f]reely granting vacatur hurts one-time players in the legal system while benefitting institutional litigants. Vacatur is requested almost exclusively by repeat-player litigants who have the greatest incentive to remove adverse precedent from the books. The repeat player, as opposed to the one-shot litigant, is principally concerned with the long-range effects of the judgment.

McMellon, 528 F. Supp. 2d at 614. Here, the parties suggest that it would be "unjustly inaccurate" to categorize the defendants as repeat-player litigants and submit instead that vacatur would serve the interests of all parties. ECF No. 99, at 4.

The court is not persuaded. While the defendants in this action may not be the same level of "repeat players" as the defendant federal government addressed in McMellon, it would be equally inaccurate to categorize an insurance carrier and its agent as one-time players. Certainly, State Auto in particular has a far greater incentive than Slone to have this court's adverse order vacated. As an insurer, State Auto undeniably has concerns about how the court's memorandum opinion and order may affect future litigation.[2] Accordingly, it is more likely that

---

[2] The appropriate means for addressing those concerns is to appeal to the Fourth Circuit after a final judgment has been entered in this case. See Neumann v. Prudential Ins. Co. of Am., 398 F. Supp. 2d 489, 493 (E.D. Va. 2005) (citing Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993)).

vacatur in this case would serve majority, rather than minority, interests.

Next, the parties submit that vacatur would serve the public interest of judicial integrity because the order they seek to have vacated is not a final order. Id. at 5–6. While vacatur of final orders has been found to erode the integrity of the judiciary, see McMellon, 528 F. Supp. 2d at 614–15, the parties aver that "[i]n this case, vacatur is more akin to an appellate court overruling the Order, rather than explicitly attempting to reverse and erase the dispositive outcome of a dispute." ECF No. 99, at 5–6.

The court also finds this argument unpersuasive. Although this court's memorandum opinion and order may not be a final judgment, the motion to dismiss was fully briefed and considered on a pivotal issuing arising in this case and the court's order on that motion is presumptively correct. See U.S. Bancorp Mortg. Co., 513 U.S. at 26 (quoting Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp., 510 U.S. 27, 40 (1993) (Stevens, J., dissenting)). While vacatur of a final order may be a greater affront to judicial integrity, the court declines to find that the threat to judicial integrity is completely ameliorated simply because the order at issue in this case was

nonfinal.

Finally, the parties suggest that vacatur would further the public interest of conservation of judicial economy. ECF No. 99, at 6–7. Specifically, they argue that they can spare judicial resources through amicable settlement if the court's memorandum opinion and order is vacated. Id.

Although the mutual settlement of this case would serve the interest of judicial economy, the court finds that this factor alone fails to present an extraordinary circumstance warranting relief under Rule 60(b)(6). Ultimately, while "[s]ettlements are desirable," they "are not the sole concern of the judicial system." McMellon, 528 F. Supp. 2d at 614; Neumann v. Prudential Ins. Co. of Am., 398 F. Supp. 2d 489, 493 (E.D. Va. 2005) ("[F]ederal courts exist not just to bring peace between warring parties, but more importantly to give expression and force to the rules and principles (and hence values) embodied in the governing law, including statutes and judicial precedent.").

Using the discretion it is granted under Rule 60(b), the court denies the parties request for vacatur.

## IV. Conclusion

In light of the foregoing, the court ORDERS that the parties' Joint Motion for Vacatur (ECF No. 99) be, and hereby is, DENIED.

The Clerk is directed to forward copies of this order to all counsel of record and any unrepresented parties.

ENTER: November 30, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge